ON PLAINTIFFS’ MOTION FOR REHEARING
The Minnesota Chippewa Tribe, et al., plaintiffs in this case, move this court for a rehearing of its order dated *775 March 5, 1982, in the above-captioned matter. Specifically, plaintiffs assert that our dismissal of Exception No. 14 as it relates to five of the nine treaties mentioned therein, rests on a mistake of fact. The ostensible mistake is that we thought this case, No. 188, on the one hand, and the cases brought before and disposed of by the Indian Claims Commission, i.e., Nos. 18-B, 18-C. 18-D, 18-N, 18-S, 18-T and 18-U, were all "presented in one original complaint.” On that basis, we gave law of the case effect to Nos. 18-C, 18-D, 18-S, 18-T, and 18-U, and dismissed Exception No. 14 as it related to five treaties. We dismissed Exception No. 14 except as it raised a claim for interest on funds that might be entitled thereto under the following five treaties:
1. Treaty of July 29,1837, 7 Stat. 536;
2. Treaty of October 4,1842, 7 Stat. 591;
3. Treaty of August 2,1847, 9 Stat. 904;
4. Treaty of September 30,1854,10 Stat. 1109; and
5. Treaty of April 7,1866,14 Stat. 765.
We do not perceive any mistaken interpretation of the facts as plaintiffs contend and deny their motion for a rehearing in this matter.
In our original order dismissing Exception No. 14, we referred to the Bois Forte Band v. United States, filed on August 13, 1946, with the Indian Claims Commission and docketed No. 18, as the "original complaint.” That complaint raised both specific accounting claims with respect to each of the five treaties mentioned above along with a general accounting claim "for all property and the moneys belonging to the plaintiffs * * *.” No. 18, ¶105. Since the complaint raised both specific accounting and general accounting claims on behalf of plaintiffs, our conclusion that the issues raised and decided in Nos. 18-C, 18-D, 18-S, 18-T, and 18-U (which arise from No. 18), were part of the same broad case as is the instant general accounting action, No. 188, is not mistaken.
Our reluctance to give res judicata effect to Nos. 18-C, 18-D, 18-S, 18-T, and 18-U in our March 5, 1982 order, was premised on our view that those cases and No. 188 both arose out of No. 18, the original complaint. Because of the Commission’s procedure of splitting off land claims from *776 accounting claims for quicker resolution, we did not bar, on res judicata grounds (see our order of March 5, 1982), general accounting claims when a land claim reached final judgment, as each of the five cases did. If we are to accept plaintiffs’ present position, that No. 188 did not arise out of No. 18, then the basis for our reluctance to apply res judicata disappears and the collateral estoppel branch of res judicata will bar plaintiffs general accounting action as it pertains to the above-mentioned five treaties.
In sum, our order herein challenged by plaintiffs on this motion for rehearing, is correct whether one applies the doctrine of law of the case or the doctrine of collateral estoppel (issue preclusion). If the matters are considered all part of the same general case or transaction, law of the case applies. If, on the other hand, the cases are considered separate and therefore not subject to the law of the case, then they are directly subject to collateral estoppel. As our order points out, all the issues raised by Exception No. 14 were actually and necessarily determined in the earlier Commission proceedings.
it is therefore ordered that plaintiffs’ motion for rehearing of the decision issued in our order of March 5, 1982, is denied.